UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MATTHEW JACOB C.,

                Plaintiff,

    v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

                Defendant.

Case No. 1:23-cv-00906-AR

**OPINION AND
ORDER**

_____

**ARMISTEAD, Magistrate Judge**

In this is judicial review of the Commissioner's final decision denying Social Security

benefits, plaintiff Matthew Jacob C. (his last name omitted for privacy) alleges that the

Administrative Law Judge made four errors. The Commissioner concedes only one – that the

ALJ erred by failing to discuss the persuasiveness of Judith Emerson, Ph.D.'s and William

Matthews, M.D.'s opinions – and moves to remand. Therefore, the remaining question for the

court is the appropriate remedy: whether to remand for an award of benefits or for further

proceedings. As discussed below, because plaintiff satisfies the three-part credit as true analysis,

Page  1  – OPINION AND ORDER

and this court has no doubt that plaintiff is disabled, this case is remanded for an immediate award of benefits.[1]

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quotation and citation omitted). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges disability based on post-traumatic stress disorder (PTSD) stemming from his military service that causes fearfulness of crowds and new people, anxiety attacks, panic, and hypervigilance. Plaintiff's impairments interfere with his ability to concentrate, get along with others (particularly authority figures), complete tasks, and follow instructions. He also reported headaches, as well as back, hip, and knee pain that interfere with his ability to stand, walk, sit, climb, bend, squat, and kneel. (Tr. 439-46.) At the hearing, plaintiff also testified that his sleep is poor, ranging from five to seven hours per night, with nightmares. (Tr. 42, 47.)

---

[1]     This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and the parties have consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c).

On September 4, 2014, plaintiff applied for Title II benefits alleging disability beginning May 31, 2008. The application was denied and not appealed. On July 20, 2016, plaintiff filed a new Title II application alleging the same period of disability. His new application was denied initially and on reconsideration. At a January 15, 2019 hearing, ALJ Katherine Weatherly, found good cause to reopen his first application because the new application was filed within four years, he submitted new, material evidence relevant to the claim period, and the criteria for the mental health listings had changed since his first application. (Tr. 12.) The ALJ issued an unfavorable decision on April 10, 2019. (Tr. 89-103.) The Appeals Council granted plaintiff's request for review because the administrative record could not be located, was recreated, and that outstanding evidence existed that ALJ Weatherly may not have considered; therefore, the action was remanded. (Tr. 12, 108.) Following a second hearing, ALJ Weatherly issued another unfavorable decision on June 16, 2022. (Tr. 7.) The Appeals Council denied plaintiff's request for review, and this appeal followed.

Plaintiff argues that the ALJ erred in four ways: (1) failing to discuss the persuasiveness of Drs. Emerson's and Matthews' opinions, (2) failing to provide clear and convincing reasons to discount his subjective symptom testimony, (3) failing to find his migraine headaches severe at step two; and (4) failing to find that he meets or equals Listing 12.05 at step three. (Pl.'s Opening Br. at 12-20, ECF No. 14.)

The Commissioner concedes that the ALJ erred in failing to evaluate the persuasiveness of Drs. Emerson and Matthews only and asks the court to remand the case so that the ALJ may evaluate those opinions, offer plaintiff an opportunity to submit additional evidence, further develop the record, and issue a new decision. (Def.'s Br. & Mot. to Remand at 7-8, ECF No. 18.) The Commissioner does not directly address, however, the other errors identified by plaintiff in

his opening brief. Nevertheless, the Commissioner argues that there are numerous conflicts and ambiguities that must be resolved before a disability determination can be made, and that remanding for further proceedings is appropriate.

## DISCUSSION

When a court determines that the ALJ has committed harmful legal error in denying benefits, the court may affirm, modify, or reverse the decision "with or without remanding the cause for a rehearing." *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). In determining whether to remand for further proceedings or an immediate award of benefits, the court conducts a three step "credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under that analysis, the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015); *Garrison*, 759 F.3d at 1020. Even if all three steps are satisfied, the court retains "flexibility" to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Step one of the credit as true test is satisfied because the parties agree that the ALJ committed harmful legal error by failing to evaluate the persuasiveness of Drs. Emerson's and Matthews' opinions. (Def.'s Br. at 3.) The parties dispute steps two and three.

Turning to step two, the Commissioner argues that there are conflicts in the medical evidence that require resolution before a disability determination can be made, and that the ALJ – not this court – must reconcile those conflicts. Where there are varying medical opinions in the

record, in the Commissioner's view, the ALJ must resolve them to determine how they affect a claimant's RFC, citing *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015). Specifically, the Commissioner contends that Dr. Matthews opined that plaintiff was limited to "fairly light work" that is "mostly sitting" and that he "needs to be able to change position as needed for comfort." (Tr. 3023.) That opinion, the Commissioner's asserts, conflicts with the opinions of agency physicians Neal Berner, M.D., and Linda Jensen, M.D., who stated that plaintiff could perform a "range of light work" with some postural and environmental limitations without a sit/stand limitation (Tr. 121-23, 136-39).

To the extent that Drs. Berner's and Jensen's opinions about plaintiff's sit/stand restrictions could be viewed as conflicting with Dr. Matthews' opinion, further proceedings would serve no useful purpose because the ALJ previously resolved that issue in plaintiff's favor by including a 30-minute sit/stand limitation in the RFC. In the decision, the ALJ found Drs. Berner's and Jensen's opinions only partially persuasive, crediting instead plaintiff's subjective report of having trouble remaining seated for long periods. Based on that evidence, the ALJ limited plaintiff to light work with additional restrictions, including that he "be permitted to stand after 30 minutes of sitting." (Tr. 18.) When asking the VE hypothetical questions at the hearing, the ALJ included a 30-minute sit/stand limitation, describing it as "essentially" needing to "alternate between sitting and standing every 30 minutes while remaining on task." (Tr. 56.) Therefore, because the ALJ already credited plaintiff's testimony over that of Drs. Berner and Jenson concerning his need for a sit/stand option, no significant factual conflict or "crucial question" on that issue needs resolving and therefore, further proceedings would serve no useful purpose here. *Treichler*, 775 F.3d at 1105 (discussing that the inconsistencies in record must

raise "crucial questions" about the extent of claimant's impairments, and whether all "essential factual issues" have been resolved).

Next, the Commissioner argues that conflicts and ambiguities concerning the medical evidence of plaintiff's mental health requires further proceedings. Dr. Emerson opined that plaintiff is precluded from employment in the following situations: "issues with authority, memory issues, feeling enclosed in [an] office, working closely with others, situations where he feels threatened, explosive anger, anniversary dates." (Tr. 1946.) In contrast, the Commissioner contends, agency physicians Bill Hennings, Ph.D., and Dorothy Anderson, Ph.D., opined that plaintiff is limited to "simple routine tasks with no public contact." (Tr. 123-24, 138-40.) The Commissioner suggests that because the agency physician's medical opinions are inconsistent with those of Dr. Emerson, the ALJ must reconcile them in further proceedings. The court is unconvinced.

Like Drs. Berner and Jenson, the ALJ found Drs. Hennings' and Anderson's psychological opinions only partially persuasive. In the decision, the ALJ credited examination findings from the Veteran's Administration dated 2010 and 2013 to find that plaintiff's headaches and PTSD required including additional limitations in the RFC than those ascribed by Drs. Hennings and Anderson, and that plaintiff should be limited "to making simple and decisions, having few changes in the workplace, engaging in no assembly line-paced work," having "no contact with the public," and only "occasional contact with coworkers." (Tr. 21-22.) In short, the ALJ determined that the record required *more* restrictions than those offered by Drs. Hennings and Anderson. Additionally, the Commissioner offers no specific argument about what limitations Drs. Hennings and Anderson provided that were credited by the ALJ that amount to

significant conflicts with Dr. Emerson's opinion requiring resolution on remand, and thus further proceedings are unnecessary.

The court also finds the Commissioner's reliance on *Dominguez* unhelpful here. In that case, the court determined that the ALJ erred by rejecting the opinion of Dr. Bhakta and that remanding for further proceedings was necessary because Dr. Bhakta's opinions "conflict in some respects with his treatment notes," and were "inconsistent with reports of other physicians." *Dominguez,* 808 F.3d at 409.[2]  Unlike the numerous inconsistencies, conflicts, and gaps identified in *Dominguez*, the Commissioner highlights no such inconsistencies in Drs. Matthews' and Emerson's opinions, except as discussed with respect to the nonexamining agency physicians above. The Commissioner does not identify evidence in record showing how Drs. Matthews' and Emerson's opinions are unsupported by or are inconsistent with medical evidence from any physician who examined plaintiff. Because the Commissioner does not identify specific evidence, the court concludes that any conflicts between Drs. Matthew's and Emerson's opinions and those of the agency physicians are not significant. Remanding for further proceedings to resolve unidentified conflicts serves no useful purpose.

Turning to step three of the credit as true analysis, even if Drs. Emerson's and Matthews' opinions are credited as true, the Commissioner argues that a finding of disability is unwarranted for three primary reasons: (1) conflicts exist between plaintiff's subjective symptom testimony and other record evidence that call plaintiff's disability into question; (2) inconsistencies between

---

[2]    The Ninth Circuit also determined that further proceedings were necessary because Dominguez's claims were undercut by the "ALJ's well-supported credibility concerns," and a factual issue about her "disability onset date." *Dominguez,* 808 F.3d at 409. As discussed above, the Commissioner does not defend the ALJ's subjective symptom finding in the face of plaintiff's challenge, and therefore, has waived that argument in this appeal.

plaintiff's testimony and the medical evidence exist that must be resolved by the ALJ; and (3) there is no testimony from the vocational expert establishing that the step-five occupations identified cannot accommodate Drs. Emerson's and Matthews' opined limitations. The Commissioner highlights that during a portion of the relevant period, plaintiff attended school fulltime to become an automotive mechanic, attended a welding program at a community college, and assists with caring for his children. Contrary to plaintiff's claimed difficulty with the ability to follow instructions and complete tasks, the Commissioner notes that other evidence shows that his mental status examinations were generally normal, with flat affect, irritability, and one instance of trouble completing serial sevens. Concerning plaintiff's physical health, the Commissioner highlights that he generally had normal gait, strength, sensation, decreased range of motion in his back, positive nerve root irritation while supine, but no nerve root irritation while seated. Due to those inconsistencies, in the Commissioner's view, it is not clear that plaintiff is disabled, and further proceedings are required.

The Commissioner's argument is frustrating. The Commissioner does not concede that the ALJ erred in evaluating plaintiff's subjective symptom testimony, yet it does not defend that decision in its briefing. Although the Commissioner points out what it characterizes as specific inconsistencies (Def.'s Br. at 6-7), it nowhere argues in its briefing that the reasoning provided by the ALJ amounts to a clear and convincing rationale for discounting plaintiff's testimony. The Commissioner likewise fails to grapple with plaintiff's arguments asserting that the ALJ's reasoning falls short.

As several district courts within the Ninth Circuit have concluded, the Commissioner's failure to respond to a claimant's arguments constitutes a waiver. *See, e.g.*, *Sara H. v. Comm'r Soc. Sec. Admin.*, Civ. No. 2:23-cv-649-CL, 2024 WL 3065903, at *5 (D. Or. June 20, 2024)

Page 8 – OPINION AND ORDER

("In failing to respond to the merits of Plaintiff's claims, the Commissioner has waived those issues."); *Jeffrey C. v. Kijakazi*, Case No. 3:22-cv-79-SI, 2023 WL 4760603, at *3 (D. Or. July 26, 2023) ("The Government's failure to defend Plaintiff's allegations of error, however, is a concession of those alleged errors."); *Lacey G. v. Comm'r Soc. Sec. Admin.*, Case No. 3:21-cv-00882-YY, 2022 WL 17845936, at *2 (D. Or. Dec. 22, 2022) ("Courts have held that the Commissioner's failure to respond to a plaintiff's arguments constitutes a concession."); *Krista B. v. Comm'r, Soc. Sec. Admin.*, No. 3:20-cv-01822-HL, 2021 WL 5235969, at *4 (D. Or. Nov. 10, 2021) ("This Court declines to independently review and assess Plaintiff's arguments where the Commissioner has not done so on review. Nor will this Court remand those issues to the ALJ for further consideration, thereby forcing Plaintiff to relitigate them."); *Hunt v. Colvin*, 954 F. Supp. 2d 1181, 1196 (W.D. Wash. 2013) (construing the Commissioner's failure to respond to argument as concession; stating that the "[c]ourt will not manufacture a defense on the Commissioner's behalf where Plaintiff has identified an at least plausible error").

The court finds that rationale persuasive. Accordingly, the Commissioner's failure to respond to plaintiff's direct challenge to the ALJ's subjective symptom finding constitutes a waiver of that argument in this appeal. The court will not undertake an analysis of plaintiff's arguments and the ALJ's provided rationales where the Commissioner has failed to do so. Consequently, the court will not remand issues that the Commissioner has failed to respond to and thereby require plaintiff to re-litigate them.[3] *Krista B.*, 2021 WL 5235969, at *4.

---

[3]     Nevertheless, having examined a few of the alleged inconsistencies identified by the Commissioner, they do not appear fully supported by substantial evidence. For example, although plaintiff attended school for auto mechanics and welding, plaintiff also reported attending only a few classes per week, struggling with memory and concentration, and that he received accommodations, including extra time to complete assignments, using his notes during tests, and taking tests in a private room. (Tr. 39, 40-41, 43, 47, 1439.) And contrary to the

Therefore, the court concludes that if the improperly discredited evidence were credited as true, the ALJ would be required to find plaintiff disabled on remand. For example, in her 2010 opinion Dr. Emerson provided that due to plaintiff's PTSD, traumatic brain injury, and physical issues, he has "issues with authority, memory issues, feeling enclosed in an office, working closely with others, situations where he feels threatened, explosive anger" and that plaintiff is unemployable. (Tr. 568, 1956.) In 2011, Dr. Emerson opined that plaintiff's symptoms had worsened with "increased frequency and intensity of nightmares, increase in panic attacks," increased anxiety, depression, frustration, and hopelessness due to his PTSD, TBI, and physical limitations. (Tr. 2895-01.) As argued by plaintiff, at the hearing, the VE testified that if he is limited to no more than occasional contact with his supervisor, competitive employment would be eliminated. (Tr. 58.)

Turning to plaintiff's testimony, at the May 2022 hearing, he testified that he could not hold down any type of job because the stress and anxiety of being around others would make him reactive and that he would need to remove himself or have a panic attack. (Tr. 42.) He further described that that he suffers from severe headaches three times per week that are caused by his TBI, which require him to lie down for least 45 minutes. (Tr. 53-54.) Upon questioning at the hearing, the VE testified that being unexpectedly off task for 45 minutes three times per week would eliminate competitive employment. (Tr. 59-60.)

---

Commissioner's suggestion and the ALJ's findings, being able to participate in raising his children is not inconsistent with his allegations of PTSD, which causes him to be hypervigilant and isolate.

Accordingly, plaintiff's fully credited symptom testimony and Dr. Emerson's opinion demonstrate that the ALJ would be required to find him disabled; thus, all three steps of the credit as true test are satisfied.

Finally, the court concludes that the record as a whole does not create serious doubt that plaintiff is, in fact, disabled. The court, therefore, exercises its discretion to remand this case for an immediate calculation and award of benefits.

## CONCLUSION

For the above reasons, the Commissioner's motion to remand (ECF No. 18) is GRANTED, the Commissioner's final decision is REVERSED, and this case is REMANDED for an immediate calculation and award of benefits.

DATED: September 6, 2024.

_____
JEFF ARMISTEAD
United States Magistrate Judge